**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KAREN ROSA MARIA AHUMADA GUTIERREZ,**<br><br>***Petitioner*,**<br>**v.**<br><br>**WARDEN OF CAMP EAST MONTANA; DAVID J. VENTURELLA,** *in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*; **and MARY DE ANDA YBARRA,** *Regional Director of ICE*,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-02034-DCG** |

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

On August 3, 2026, the Court ordered *pro se* Petitioner Karen Rosa Maria Ahumada Gutierrez to take one of the following actions by August 24, 2026:

(1) pay the applicable filing fee; or

(2) file a Corrected Application to Proceed *In Forma Pauperis* ("IFP").[1]

The Court warned Plaintiff that it would "consider dismissing her case" if she "fail[ed] to do either of those things by that date."[2]

---

[1] *See* Order, ECF No. 3, at 4.

[2] *Id.* (emphasis omitted).

*See also* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993) ("[A] district court has inherent power to dismiss a case *sua sponte* for failure to prosecute, even though Federal Rule 41(b) only provides for such dismissal on a defendant's motion."); *Joe v. Stickney*, No. 3:17-cv-2374, 2017 WL 7000282, at *2 (N.D. Tex. Dec. 29, 2017) ("Rule 41(b) generally applies to habeas proceedings."), *report and recommendation accepted by* 2018 WL 501587 (N.D. Tex. Jan. 19, 2018).

The August 24, 2026 deadline has now expired, yet Petitioner has neither paid the filing fee nor filed a Corrected IFP Application.[3]

Therefore, the Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court thereby **CLOSES** the case.

Although the Court doesn't anticipate that this Order will reach Petitioner,[4] the Clerk of Court **SHALL MAIL** this Order to Petitioner's last known address out of an abundance of caution:

Karen Rosa Maria Ahumada Gutierrez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 25th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] Because inputting Petitioner's A-number and country of origin into ICE's Online Detainee Locator System returns no results, the Court suspects that the Government has either removed Petitioner from the United States or released her from custody. If so, that could explain Petitioner's failure to comply with the Court's Order by the applicable deadline.

If it's true the Government has removed or released Petitioner, the Court would likely have to dismiss this case without prejudice as moot irrespective of whether she had complied with the Court's prior Order. *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim for relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020); *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting (with exceptions that don't appear to apply here) that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release"); *Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").

[4] *See supra* note 3.